IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACEY and CHRISTOPHER MAYA, | : | |
|     Plaintiffs | : | |
| | : | No. 1:15-cv-00484 |
|     v. | : | |
| | : | (Judge Kane) |
| STEPHANIE CHERTOK and JOHN | : | |
| DOES 1-10, | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is Defendant Stephanie Chertok's motion to partially dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. No. 12.) For the reasons that follow, Defendant's motion to partially dismiss the amended complaint and for a more definite statement will be granted in part and denied in part.

## I.    BACKGROUND

This case derives from an incident in which Plaintiff Tracey Maya suffered injuries after a fall. (Doc. No. 10 at 2-3.) Plaintiff allegedly tripped and fell down Defendant Stephanie Chertok's stairs on or about April 18, 2014. (Id.) At the time of the incident, Defendant rented the property to Plaintiff's daughter. (Doc. No. 19 at 2.)

Plaintiffs Tracey and Christopher Maya filed a complaint, on March 10, 2015, against Defendant and co-defendants John Does 1-10.[1] (Doc. No. 1.) On April 8, 2015, Defendant filed a motion for partial dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

---

[1] In their amended complaint, Plaintiffs allege that John Does 1-10, a "moniker/fictitious name for individuals and entities currently unknown but will be substituted when known," were "agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs …." (Doc. No. 10 at 1-2.)

1

(Doc. No. 5.) In lieu of filing a brief opposing the motion, Plaintiffs filed an amended complaint on April 29, 2015. (Doc. No. 10.)

According to Plaintiffs' amended complaint, Defendant and her co-defendants' "negligence, carelessness and recklessness" caused Maya to fall down the stairs. (Doc. No. 10 at 2-3.) On May 20, 2015, Defendant filed this motion to dismiss Plaintiffs' claims of recklessness and request for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Doc. No. 12. at 1.) Additionally, Defendant seeks a more definite statement as to the allegations of negligence pursuant to Federal Rule of Civil Procedure 12(e). (Doc. No. 12. at 1.) Plaintiffs filed a brief in opposition to the motion on June 15, 2015, (Doc. No. 18), and the deadline to file a reply has passed. Accordingly, the motion is now ripe for disposition.

## II. LEGAL STANDARD

### A. Motion to dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to

---

[2] Defendant's motion also seeks dismissal of Plaintiff's claim for attorneys' fees. (Doc. Nos. 12 at 8; 13 at 9.) Plaintiffs have waived their claim for attorneys' fees in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. (Doc. No. 18 at 4 n.2.)

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556). A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

As such, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, or they risk dismissal. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

**B.      Motion for a more definite statement**

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Although motions for a more definite statement are generally disfavored, they should be granted if a pleading is "unintelligible" or if it is "virtually impossible for the opposing party to craft a responsive pleading." Morris v. Kesserling, No. 09-1739, 2010 WL 4362630, at *1 (M.D. Pa. Oct. 27, 2010); accord Wood & Locker, Inc. v. Doran & Assocs., 708 F. Supp. 684, 691 (W.D.

3

Pa. 1989) ("The basis for granting such a motion is unintelligibility, not lack of detail."). In that situation, the Rule 12(e) motion for a more definite statement is "perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief." Thomas v. Indep. Twp., 463 F.3d 285, 301 (3d Cir. 2006). Ultimately, the decision to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court. Clark v. McDonald's Corp., 213 F.R.D. 198, 232 (D.N.J. 2003).

## III. DISCUSSION

### A. Plaintiffs' claims of recklessness and punitive damages

Defendant urges the Court to dismiss Plaintiffs' claims of recklessness and request for punitive damages. (Doc. No. 12. at 1.) Defendant argues that Plaintiffs "failed to plead any facts to support that Defendant knew or had reason to know that the stairs at issue were dangerous," "needed to be repaired," or were "otherwise in violation of any code or other government regulations." (See Doc. Nos. 12 at 7; 13 at 8.) In effect, Defendant contends that Plaintiffs' amended complaint fails to adequately allege recklessness and support a claim for punitive damages. (Doc. Nos. 12 at 2, 6-7; 13 at 2.) This Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332. Consequently, Pennsylvania substantive law applies. See Erie R. Co. v. Tompkins, 304 U.S. 64, 91-92 (1938).

Under Pennsylvania law, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Feld v. Merriam, 485 A.2d 742, 746-47 (Pa. 1984) (quoting Restatement (Second) of Torts § 908); see Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005) (internal citations omitted). "The state of mind of the actor is vital" when determining whether to award punitive damages. Feld, 485 A.2d at 748. "The act, or the failure to act, must be intentional, reckless or

4

malicious." Id.; accord Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005) ("[P]unitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."). Thus, "a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed." Phillips, 883 A.2d at 445; see Hutchison, 870 A.2d at 772.

The Pennsylvania Supreme Court applies Section 500 of the Restatement (Second) of Torts when analyzing whether a state of mind constitutes reckless indifference. Hutchison, 870 A.2d at 771 (citing Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097 (Pa. 1985)). Section 500 sets forth two different states of mind regarding reckless indifference. Id. The first is "where the 'actor knows, or has reason to know, . . . of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk.'" Martin, 494 A.2d at 1098 (quoting Restatement (Second) of Torts § 500 cmt. a). The second is "where the 'actor has such knowledge, or reason to know, of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so.'" Id. (quoting Restatement (Second) of Torts § 500 cmt. a). Under Pennsylvania law, "only the first type of reckless conduct described in comment a to Section 500, is sufficient to create a jury question on the issue of punitive damages." Hutchison, 870 A.2d at 771 (quoting Martin, 494 A.2d at 1097-98); see Phillips, 883 A.2d at 445. Therefore, a punitive damages claim "must establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act . . . in conscious disregard of that risk." Hutchison, 870 A.2d at 772 (citing Martin, 494 A.2d at 1097-98); accord Burke v. Maassen, 904 F.2d 178, 182 (3d Cir. 1990) (internal citations omitted).

Here, the issue is whether Plaintiffs' amended complaint adequately alleges "any facts that would show that Defendant's conduct encompassed the evil motive, actual malice, or wanton and willful disregard required for recklessness or punitive damages claims" under Pennsylvania law. McKenna v. Toll Bros., No. 14-6543, 2015 WL 1874236, at *3 (E.D. Pa. Apr. 23, 2015). Plaintiffs allege that Defendants' "negligence, carelessness and recklessness" caused Maya's injuries. (Doc. No. 10 at 2-3.) According to the amended complaint, Defendants' "negligence, carelessness and recklessness" included "negligently, carelessly and recklessly creating, allowing and permitting the premises to have stairs not built to code, steep and narrow, without adequate rise and run to prevent trip and falls, and knowing or having reason to know that this would cause a dangerous condition for persons likely to walk there …." (Id. at 2.) Plaintiffs' amended complaint also includes allegations that the stairs had "a wire protruding outwards," "were uneven height," lacked "adequate traction," and that "Defendants had or could and should have had knowledge and notice" of the stairs' "dangerous condition." (See id. at 2-3)

Plaintiffs' allegations, viewed in the light most favorable to Plaintiffs, set out some evidence that Defendant "had a subjective appreciation of the risk of harm" to which Plaintiffs were exposed and acted in conscious disregard or indifference to it. Hutchison, 870 A.2d at 772 (citing Martin, 494 A.2d at 1097-98); accord Burke, 904 F.2d at 182. In particular, Plaintiffs allege that Defendant "kn[ew] or ha[d] reason to know" of the stairs' "dangerous condition," (See Doc. No. 10 at 2-3), and "fail[ed] to remedy the property in order to make it safe." (See Doc. No. 10 at 2.) As such, "[d]iscovery is necessary to make the determination of whether Defendant['s] actions were merely negligent or whether they were outrageous." Cobb v. Nye, No. 14-0865, 2014 WL 7067578, at **3-4 (M.D. Pa. Dec. 12, 2014) (denying Rule 12(b)(6)

6

motion to dismiss claims of recklessness and punitive damages despite "Plaintiffs' Complaint sound[ing] primarily in negligence"); accord Ferranti v. Martin, No. 6-1694, 2007 WL 184883, at *2 (M.D. Pa. Jan. 19, 2007). This finding is consistent with other decisions of district courts within the Third Circuit. See, e.g., Mikhail v. Tri-State Realty, Inc., No. 10-1426, 2010 WL 4791873, at *5 (W.D. Pa. Nov. 18, 2010); McDowell v. Kmart Corp., No. 06-02508, 2006 WL 1967363, at *4 (E.D. Pa. July 12, 2006); Eagle Traffic Control v. Addco, 889 F. Supp. 200, 202 (E.D. Pa. 1995). Accordingly, Defendant's motion to dismiss Plaintiffs' claims of recklessness and punitive damages will be denied.

### B. Motion for a More Definite Statement

Defendant also moves for a more definite statement of Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(e). (Doc. Nos. 12 at 8; 13 at 2, 9-12.) Defendant argues that Plaintiffs' assertions in Paragraphs 7, 10, 11, 12, and 13 and Subparagraphs 7(a), 7(h), and 7(i) should be either replead or stricken from Plaintiffs' amended complaint because they are overly broad and vague. (Doc. Nos. 12 at 8-9; 13 at 9-12.)

District courts in the Third Circuit have granted Rule 12(e) motions where a complaint asks a defendant to answer "vague and sweeping allegations, incorporating potentially innumerable state and federal laws." See, e.g., Pozarlik v. Camelback Associates, Inc., No. 11-1349, 2011 WL 6003841, at *4 (M.D. Pa. Nov. 30, 2011) (granting a Rule 12(e) motion where a complaint alleged defendant violated "the standards of care prescribed by statutes, rules, regulations, ordinances … or industry custom applicable to this action"); Lapcevic v. Strive Enterprises, Inc., No. 209-564, 2010 WL 1816752, at *8 (W.D. Pa. Apr. 8, 2010). However, a "complaint is not defective for failure to designate the statute or other provision of law violated" if a defendant understands the charge against her and can craft a responsive pleading. See

7

McHenry v. Renne, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996); see also Cobb v. Nye, No. 14-0865, 2014 WL 7067578, at *5 (M.D. Pa. Dec. 12, 2014).

Paragraph 7 of Plaintiffs' amended complaint alleges Maya's injuries were caused by the "negligence, carelessness and recklessness of Defendant" and her co-defendants John Does 1-10.[3] (See Doc. No. 10 at 2-3.) Paragraph 7 also includes nine subparagraphs identifying the conduct that constitutes Defendant and her co-defendants' alleged "negligence, carelessness and recklessness." (Id.) In Subparagraph 7(a), Plaintiffs allege that Defendant and her co-defendants "negligently, carelessly and recklessly creat[ed], allow[ed] and permit[ted] the premises to have stairs not built to code …." (Id. at 2.) This statement sufficiently apprises Defendant of the cause of action against her. See Cobb, 2014 WL 7067578, at *4-5. Although the amended complaint does not identify the specific building code, Subparagraph 7(a) is not so "vague and ambiguous" as to prevent Defendant "from understanding the charges against [her] and preparing a response" to the amended complaint. See id. at *5.

Subparagraphs 7(h) and 7(i), however, do not sufficiently apprise Defendant of the causes of action against her.[4] In Subparagraph 7(h), Plaintiffs allege that Defendant and her co-

---

[3] Plaintiffs are not required, at this stage, to identify co-defendants John Does 1-10. Pozarlik, 2011 WL 6003841, at *3. "Their identification is properly the subject of discovery." Id.

[4] Plaintiffs' amended complaint alleges:

7. Plaintiff, Tracey Maya, was lawfully present on the aforesaid property and while walking down stairs within the premises was caused to trip and fall down the stairs due to the negligence, carelessness and recklessness of Defendant, her agents, servants, workmen and employees, which consisted, but was not limited to, the following:

…

h. violating the laws regulations and ordinance of the municipality and controlling governments; and

8

defendants were "negligen[t], careless[] and reckless[]" for "violating the laws regulations and ordinance [sic] of the municipality and controlling governments …." (See Doc. No. 10 at 2-3.) In effect, Subparagraph 7(h) asks Defendant to answer a "vague and sweeping" allegation, incorporating potentially numerous municipal, state, and federal laws. Pozarlik, 2011 WL 6003841, at *4; see Gregg v. LoneStar Transp., LLC, No. 14-44, 2015 WL 1003911, at *5 (W.D. Pa. Mar. 6, 2015) (granting a Rule 12(e) motion where an allegation left "open the possibility of numerous other claims being brought" under state law). Subparagraph 7(h) requires a more definite statement so that Defendant can adequately respond and prepare her defense. Pozarlik, 2011 WL 6003841, at *4.

Similarly, in Subparagraph 7(i), Plaintiffs allege that Defendant and her co-defendants were "negligen[t], careless[] and reckless[]" for "[being] otherwise negligent, careless and reckless [sic] which may revealed [sic] throughout ongoing discovery and/or at trial." (See Doc. No. 10 at 2-3.) Subparagraph 7(i)'s broad, catch-all allegations—read together with Paragraph 7's "but was not limited to" language—fails to put Defendant on notice as to causes of action against Defendant. See Pozarlik, 2011 WL 6003841, at *4; Gority v. Norfolk S. Ry. Co., No. 10-87, 2011 WL 4542676, at *7 (W.D. Pa. Sept. 28, 2011) (granting a Rule 12(e) motion where a plaintiff asserted "that Defendant '[w]as otherwise negligent through its officers, agents, and employees in ways not specifically alleged'"). Thus, absent more specific claims, Defendant cannot meaningfully respond to either Subparagraph 7(h) or Subparagraph 7(i)'s allegations. See Gority, 2011 WL 4542676, at *7.

---

i. otherwise negligent, careless and reckless which may revealed throughout ongoing discovery and/or at trial.

(Doc. No. 10 at 2-3.)

Defendant also argues that Paragraphs 10, 11, 12 and 13 are "vague" because they assert "various allegations of injuries and damage that are not yet fully known, may occur in the future, and/or may be permanent." (See Doc. No. 13 at 11.) The allegations in Paragraphs 10, 11, 12 and 13 are, however, intelligible enough to permit a response. 2-12 Milton I. Shadur, Moore's Federal Practice § 12.36 (3d ed. 2015) ("In the absence of a prayer for special damages or the statement of a claim that requires proof of special damages, a motion for more definite statement of the damages sought will be denied."). Furthermore, a "motion for a more definite statement is not a substitute for the discovery process," Wheeler v. U.S. Postal Serv., 120 F.R.D. 487, 488 (M.D. Pa. 1987), and a defendant "can learn what [she] want[s] to know about the extent of plaintiffs' alleged injuries … through discovery." Barry W. v. Ill. Valley Cmty. Hosp., No. 95-562, 1995 WL 616960, at *2 (N.D. Ill. Sept. 26, 1995); see Gority, 2011 WL 4542676, at *7. Accordingly, Defendant's motion for a more definite statement will be granted as to Subparagraphs 7(h) and 7(i) and denied as to Paragraphs 7, 10, 11, 12 and 13 and Subparagraph 7(a).

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to partially dismiss the amended complaint and for a more definite statement will be granted in part and denied in part. Plaintiffs are given leave to replead Subparagraphs 7(h) and 7(i) of the First Amended Civil Action Complaint in order to address the deficiencies outlined above. An appropriate order follows.